ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Douglas Reeves,<br>           Plaintiff,<br>v.<br>Ryan Thornell, et al.,<br>           Defendants. | No.   CV-25-00058-PHX-SPL (ESW)<br><br>**ORDER** |

Plaintiff Stephen Douglas Reeves, who is confined in a Maricopa County Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1)[1] and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will dismiss the Complaint with leave to amend.

**I.**     **Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government

---

[1] Although Plaintiff indicates that the Complaint is additionally brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), none of the named Defendants are federal agents. Accordingly, the Court construes the Complaint as brought solely pursuant to 42 U.S.C. § 1983.

JDDL-K

agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

### III.   Complaint

In his two-count Complaint, Plaintiff names as Defendants: Arizona Department of Corrections, Rehabilitation, and Reentry (ADC) Director Ryan Thornell; former ADC Director Charles Ryan; and ADC Correctional Officers Sutton and Galaday. (Doc. 1 at 2). Plaintiff alleges threat-to-safety claims, for which he seeks injunctive relief. (*Id.* at 3–4).

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id*. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id*. Thus, Plaintiff must allege facts to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff.

**A.    Count One**

In Count One, Plaintiff alleges that from 2011 through 2017, Defendants "gassed [him] in [his] cells," and from 2017 to 2020 they "kidnapped [him]m took [him] to a home in Florence, [Arizona], chained [him] to the garage floor," and "raped, beat, tortured, starved, gang rape[d], [and] overdosed [him] on midazolam." (Doc. 1 at 3).  Afterwards, Defendants "dumped [him] out of Charles Ryan's Cadillac…presumed dead," but he was "brought back to life." (*Id.*).  He was then "kidnapped again," and shuttled from one prison to another while being "starved" and "tortured," until he was "forcibly injected with DHYC meds." (*Id.*).  Finally, Plaintiff alleges that from 2011 to 2024 he was in "total isolation," and that his "heart was stopped for years at a time." (*Id.*).

As an initial matter, most, and possibly all of Plaintiff's allegations appear to be time barred.  Section 1983 does not include its own statute of limitations.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state, "along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation omitted).  In Arizona, the limitations period for personal injury claims is two years.  *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986); *see also* Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers*, 174 F.3d at 991.  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Plaintiff's Complaint was filed on December 25, 2024.[2]  (Doc. 1 at 5).  A such, to

---

[2] Under the prison mailbox rule, the Court uses the date on which a movant signed and presumably delivered his or her filing to prison officials as the date on which it was filed. *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002).

1  be timely, Plaintiff's claims must have accrued no later than December 25, 2022. However, Plaintiff makes allegations related to events occurring as far back as 2011. To the extent any of Plaintiff's allegations are not time barred, he has not directed them against any particular Defendant, described what each individual Defendant did to him, or when it occurred.

Further, the Court finds Plaintiff's allegations to be nonsensical and frivolous, and that they fail to plausibly support that any Defendant has violated his civil rights. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (to justify dismissal as factually frivolous, allegations must rise to the level of "fanciful," "fantastic" and "delusional"). Accordingly, Plaintiff has failed to state a claim in Count One, and it will thus be dismissed.

**B.    Count Two**

In Count Two, Plaintiff alleges that from 2011 to 2024, Defendants "shot [and] stabbed over 100 death row inmates to death," that "all death row women are dead," and that "they're still killing men off." (Doc. 1 at 4).

None of Plaintiff's allegations assert that Defendants took any action against him or otherwise harmed him in any way. The Court further finds Plaintiff's allegations to be frivolous. Accordingly, Count Two will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*,

963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed.

**V.     Warnings**

    **A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

    **B.     Address Changes**

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to

comply may result in dismissal of this action.

### C. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 20th day of August, 2025.

Honorable Steven P. Logan
United States District Judge